# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JPMORGAN CHASE BANK, N.A.,**

      **Plaintiff,**

**v.**

**VIRGIN FEST, LLC,**                                                 **Case No: 6:25-mc-31-WWB-DCI**

      **Defendant.**

## ORDER

Plaintiff initiated this case when it moved for a Court order to direct non-party Virgin Fest, LLC to produce documents in compliance with "a Subpoena served on or about March 27, 2025" and to show cause why Virgin Fest should not be held in civil contempt for failing to obey the subpoena. Doc. 1 (the Motion to Compel). Plaintiff has also filed a Declaration of Helen Mosothoane in Support of the Motion to Compel. Doc. 4. Plaintiff has since filed an amended motion to compel Virgin Fest to produce documents within five days and to show cause why Virgin Fest should not be held in contempt. Doc. 5 (the Amended Motion). Plaintiff also requests that the Court award reasonable attorney fees and costs. *Id*.

The Motion to Compel and Amended Motion (Docs. 1 and 5) are due to be denied. Plaintiff states in the Certificates of Service that "a true and correct copy of the foregoing was served [sic] the Court's ECF system to all counsel of record in the captioned matter." Doc. 1 at 12; Doc. 5 at 12. Plaintiff's counsel is the only counsel of record in this case and CM/ECF does not otherwise reflect that Virgin Fest was served with either Motion. Accordingly, the Motions are due to be denied for failure to demonstrate service.

Further, Plaintiff states in both Motions that "the undersigned certifies that her co-counsel, Helen Mosothoane, conferred with Virgin Fest through multiple written communications in December 2024, February 2025, to May 2025, as to the relief sought herein in a good faith effort to resolve the issues presented in this Motion, and that Virgin Fest refused to comply with the subpoena duces tecum." Doc. 1 at 11; Doc. 5 at 11 to 12. Whether Virgin Fest refused to comply with the subpoena does not inform the Court as to whether Virgin Fest agreed on the resolution of all or part of the **motions** as Local Rule 3.01(g)(1)(B) requires. Also, even if Plaintiff conferred with Virgin Fest regarding resolution of the Motions, the Court questions whether the attempt to resolve the issue can be characterized as a "good faith effort" under Local Rule 3.01(g)(1) when the last conferral transpired four months before Plaintiff filed the Motions.

On a related note, it is not clear to the Court why Plaintiff waited this long to seek relief. If the subpoena was served on or about March 27, 2025 and Virgin Fest "refused to comply" with the subpoena back in May 2025, the Motions seem to be untimely filed. "While there is no local or federal rule setting a precise deadline for the filing of a motion to compel, it is clear that any such motion must be filed within a 'reasonable time' period." *Coleman v. Starbucks*, 2015 WL 244958, at *8 (M.D. Fla. May 22, 2015) (citations omitted); *see also* (*Goears v. L.A. Entertainment Group, Inc.*, 2017 WL 2578649, at *3 (M.D. Fla. June 14, 2017) ("By virtue of failing to address a discovery violation when the movant first learns of the issue, a party risks waiving the issue.") (citations omitted). Plaintiff does not explain in the Motions why there is a meaningful gap between service, conferral, and filing and, therefore, the Court is not persuaded that Plaintiff acted within a reasonable time.

Further, the Court is not convinced that it can compel production as Plaintiff requests. Namely, Rule 45(c)(2)(A) provides that a subpoena may command production of documents at a

place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Plaintiff states in the Motions that "[b]ecause Virgin Fest transacts business in Winter Park, Florida, Chase properly sought production documents at the Tampa location of Chase's counsel located at Hinshaw & Culbertson LLP, 100 South Ashley, Suite 1310, Tampa, FL 33602, which is located within 100 miles from where Virgin Fest transacts business." Doc. 1 at 8; Doc. 5 at 8 to 9.

First, according to Rule 45, Virgin Fest must "**regularly** transact business" within 100 miles of the Tampa, Florida address—the place listed for production—and, therefore, Plaintiff's assertion that Virgin Fest simply "transacts business" in Winter Park, Florida is not sufficient. Second, a Winter Park, Florida address does not appear on the subpoena, but Plaintiff refers the Court to a letter from Virgin Fest's purported General Counsel with "270 W. New England Avenue, Winter Park, FL 32789" at the bottom of the exhibit. Doc. 1 at 8 n. 1; Doc. 5 at 9 n. 1; Doc. 1-5 at 2; Doc. 5-3 at 20. Assuming Virgin Fest's general counsel is at that location, Plaintiff has not established that Virgin Fest "regularly transacts business" in Winter Park, Florida by virtue of the letter.

Finally, even if Plaintiff can establish that Virgin Fest "regularly transacts business" within 100 miles of the Tampa, Florida address, the place of compliance is within the Tampa Division of this Court. As such, it is not clear why Plaintiff requests relief in the Orlando Division or why the case should not be transferred to the Tampa Division for consideration. *See* 28 U.S.C. §§ 1404, 1406; Local Rule 1.04(b).

Based on the foregoing, it is **ORDERED** that:

1. the Motions (Docs. 1, 5) are **DENIED without prejudice**; and

2. if Plaintiff seeks to resubmit the request for relief, then **on or before October 6, 2026**, Plaintiff shall file an appropriate motion that:

  a. establishes proper service of the motion;

  b. addresses Plaintiff's delay in filing the request to compel production;

  c. demonstrates that Virgin Fest regularly transacts business within 100 miles of the place of production; and

  d. shows cause why the Court should not transfer the matter to the Tampa Division of the Middle District of Florida.

The failure to comply with this Order may result in the dismissal of this case without further notice.

**ORDERED** in Orlando, Florida on September 22, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE